**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| G & G Closed Circuit Events, LLC,<br><br>          Plaintiff,<br>vs.<br><br>Erika Maria Garcia, et al,<br><br>          Defendants. | No. CV-19-05134-PHX-SPL<br><br>**ORDER** |

Pending before the Court is Plaintiff G & G Closed Circuit Events' ("G & G") Motion for Reconsideration. (Doc. 23). Plaintiff seeks reconsideration of this Court's Order denying attorneys' fees and costs. (Doc. 22). For the reasons set forth below, the Motion will be granted in part and denied in part.

**I.     BACKGROUND**

On September 10, 2019, Plaintiff filed a Complaint against Defendants asserting various claims arising from Defendants' alleged unlawful interception of a television broadcast. (Doc. 1). None of the Defendants answered the Complaint, responded to the Complaint, or otherwise appeared in this action. On October 31, 2019, the Clerk of Court entered default against Defendants pursuant to Rule 55(a) (Doc. 14), and on April 13, 2020, Plaintiff filed a Motion for Default Judgment, which the Court granted (the "Default Judgment") (Docs. 17, 18). In the Default Judgment, the Court awarded Plaintiff $8,400 in statutory damages and $25,000 in enhanced statutory damages under 47 U.S.C. § 553(c)(3). (Doc. 18 at 2; Doc. 19). Additionally, the Court instructed Plaintiff to file an application for attorneys' fees and costs in accordance with FRCP 54(d). (Doc. 18 at 2). Plaintiff timely

filed such application seeking attorneys' fees and related non-taxable costs under 47 U.S.C. § 553(c)(2)(C). (Docs. 20, 20-1 at 2). On June 16, 2020, this Court entered an Order summarily denying Plaintiff's Motion for Attorneys' Fees. (Doc. 22). On June 30, 2020, Plaintiff timely filed a Motion for Reconsideration pursuant to Local Rule 7.2(g). (Doc. 23).

## II.   LEGAL STANDARD

### a.   Reconsideration

Reconsideration is disfavored and appropriate only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." Fed. R. Civ. P. 7.2(g)(1). Motions for Reconsideration are "not the place for parties to make new arguments not raised in their original briefs," nor should such motions be used to ask the Court to rethink its previous decision. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003).  Here, Plaintiff does not present any newly discovered evidence or cite to an intervening change in law. Rather, the Motion for Reconsideration rests on the claim that this Court committed clear error by summarily denying the Motion for Costs and Attorneys' Fees. (Doc. 23 at 1).

### b.   Attorneys' fees and costs under 47 U.S.C. § 553

In Plaintiff's original Complaint (Doc. 1), Plaintiff brought separate claims under 47 U.S.C. § 553 and 47 U.S.C. § 605, both of which regulate the unauthorized reception and publication of broadcasting material (*i.e.*, "signal piracy"). However, in Plaintiff's Application for Default Judgment by the Court (Doc. 17), Plaintiff only sought default under § 553. (Doc. 17 at 3) ("Plaintiff seeks Judgment in its favor and against the Defendants for violations of 47 U.S.C. § 553(c)(3)(A)(ii) and (c)(3)(B) . . . . Plaintiff also seeks the opportunity to submit evidence in support of its recovery of attorneys' fees and relevant costs incurred as provided pursuant to 47 U.S.C. § 553.").

Under § 605, not applicable here, awarding reasonable attorneys' fees is mandatory: "The court . . . (iii) *shall* direct the recovery of full costs, *including awarding reasonable*

*attorneys' fees* to an aggrieved party who prevails." 47 USC § 605(e)(3)(B)(iii) (emphasis added). However, under § 553, attorneys' fees are discretionary: "The court *may* . . . direct the recovery of full costs, *including awarding reasonable attorneys' fees* to an aggrieved party who prevails." 47 USC § 553(c)(2)(C) (emphasis added). Because Plaintiff only obtained default judgment on the § 553 claim, it is within this Court's discretion to determine whether attorneys' fees should be awarded.

There is a circuit split about what activity falls under § 553 and what activity falls under § 605—and the extent to which the provisions overlap. *See J & J Sports Prods., Inc. v. Indigo Bar & Lounge, Inc*., No. 1:13-CV-1787-WSD, 2014 WL 1347065, at *2 (N.D. Ga. Apr. 3, 2014) (explaining that "some circuits have held that § 605 applies to satellite transmissions and cable programming transmitted over a cable network . . . . Other circuits have held that only § 553 covers cable programming transmitted over a cable network" and citing circuit decisions). The Ninth Circuit has not yet clarified the extent of overlap, so many plaintiffs in this Circuit assert claims under both sections. And where a party prevails on both claims, courts generally award attorneys' fees only under the mandatory § 605 provision. *See, e.g.*, *Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1197 (N.D. Cal. 2000) ("Based on the pleadings, Defendant is liable for conduct that violates both 47 U.S.C. § 605 and § 553 . . . While a few courts have multiplied awards when liability exists under both provisions, the majority of courts—including most courts in the Ninth Circuit—have imposed damages pursuant to § 605 alone rather than cumulatively."); *J & J Sports Prods., Inc. v. Macia*, No. 13-CV-00921-DGC, Docs. 16, 17, & 18 (D. Ariz. 2014) (plaintiff obtaining default judgment on both claims but only requesting and receiving attorneys' fees under § 605); *J & J Sports Prods., Inc. v. Margaillan*, No. CV 13-312-TUC-CKJ, 2014 WL 169801, at *1 (D. Ariz. Jan. 15, 2014) (same).

Although it does not appear that this Court has ever considered only an award for attorneys' fees under § 553, other district courts within the Ninth Circuit have considered the issue. Rather than summarily denying the request, courts in the Ninth Circuit consider them on the merits and award attorneys' fees to the extent they are reasonable. *See, e.g.*,

*J & J Sports Prods., Inc. v. Medoza-Lopez*, No. 17-CV-06421-YGR-JSC, 2018 WL 5099262, at *1 (N.D. Cal. Aug. 13, 2018) (awarding attorneys' fees for lead counsel under § 553 only, but excluding fees for research attorney and administrative assistant as not adequately supported in the record); *Comcast of Ill. X, LLC v. Jung Kwak*, No. CIV. 03-00962 DAE-PA, 2010 WL 3781768, at *5 (D. Nev. Sept. 17, 2010) (awarding attorneys' fees under § 553 only, but making a "number of reductions" based on mistakes and redundancies in the record). Courts in other circuits do the same. *See, e.g.*, *Charter Commc'ns Entm't I, LLC v. Terzigni*, No. CIV. 3:06CV41 (PCD), 2006 WL 1168595, at *3 (D. Conn. Apr. 27, 2006) (awarding reasonable attorneys' fees under § 553 only); *Comcast Cable Commc'ns LLC v. Virgili*, No. CIV.A. 06-3421(WHW), 2007 WL 979884, at *3 (D.N.J. Apr. 2, 2007) (same); *Comcast Cable Commc'ns LLC v. Soto*, No. CIV. 06-5348 NLH, 2007 WL 2066357, at *4 (D.N.J. July 16, 2007) (same).

Because Plaintiff's request for attorneys' fees and costs does not appear untimely or otherwise procedurally improper, this Court will consider the request on the merits by examining the reasonableness of the requested rates and amounts.

## III. ANALYSIS

Plaintiff submits the affirmation of its counsel, Thomas P. Riley, Esq., in support of its request for attorneys' fees and costs. (Doc. 20-2). Plaintiff also submits attorney time and task records reflecting 22.65 of billable hours for the services of attorney Riley (representing 2.65 hours of work at $550 per hour), an unnamed research attorney (representing 10 hours at $300 per hour) and an unnamed administrative assistant (representing 10 hours at a rate of $110 per hour), for a total of $5,557.50. (Doc. 20-2 at 11). Plaintiff also seeks reimbursement for non-taxable costs in the amount of $1,310, representing investigative expenses. (Doc. 20-2 at 11).

### a. Attorneys' fees

Reasonable attorneys' fees are based on a "lodestar" calculation. *Fischer v. SJB-P.D., Inc*., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The 'lodestar' is calculated by multiplying the number of hours . . . reasonably

expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). A reasonable hourly rate is the prevailing rate in the community "for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995) (internal quotation marks and citation omitted). The community is generally defined as the district in which the case is litigated. *Davis v. Mason Cty.*, 927 F.2d 1473, 1488 (9th Cir. 1991). In terms of reasonable amount of time spent on the case, courts should award fees based on "the number of hours reasonably expended on the litigation" excluding hours that are excessive or unnecessary. *Hensley*, 461 U.S. at 433 (internal citation omitted). Those hours may be reduced by the court where documentation of the hours is inadequate, if the case was overstaffed and hours are duplicated, or if the hours expended are deemed excessive or otherwise unnecessary. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

       *i.  Rates*

Plaintiff does not provide sufficient evidence that attorney Riley's $550 rate is reasonable. The only evidence supporting Riley's hourly rate is his affidavit and the Laffey Matrix. The Laffey Matrix submitted by Plaintiff was prepared for the District of Columbia, and therefore does not provide evidence of the prevailing rates charged in Arizona. This Court finds the provided documentation insufficient to establish the prevailing rate in the community.[1] Plaintiff also cites two cases previously finding his $550 rate reasonable.[2] However, in other recent cases where this Court analyzed Riley's fees, the Court has refused to accept this evidence and imposed lower rates. *See, e.g.*, *G&G Closed Circuit Events LLC,*

---

[1] This Court has rejected this approach used by Riley before. *See, e.g.*, *Patel*, 2018 WL 1609731, at *4 n.6 (rejecting Riley's reliance on the Laffey Matrix because it "would conflict with Ninth Circuit case law requiring this Court to determine the prevailing market rate in the relevant community"). And the Court is not persuaded that the "adjustment" of the D.C. Laffey Matrix results in an accurate prevailing rate in the District of Arizona.

[2] The two cited cases are *J & J Sports Prods., Inc. v. Jimenez*, Case No. 1:16-CV-01214-JJT (Doc. 23) and *G & G Closed Circuit Events, LLC v. Gonzalez*, Case No. 2:18-CV-01384 JAS (Doc. 28).

*v. Luis Espinoza, et al.*, No. CV-18-08216-PCT-JAT, 2020 WL 1703630, at *3 (D. Ariz. Apr. 8, 2020); *G & G Closed Circuit Events v. Taco Mich & Bar 2*, No. 18-CV-02843-SMB, Doc. 55 at 4 (D. Ariz. Apr. 14, 2018); *J & J Sports Prods. Inc. v. Patel*, No. CV-16-00234-TUC-RM (BPV), 2018 WL 1609731, at *4 (D. Ariz. Apr. 3, 2018). Accordingly, attorney Riley's hourly rate will be reduced to $250 to be more in line with the prevailing rates in this community and to reflect the routine nature of the cause of action filed, as explained in more detail below.

This Court also finds the rate of $300 per hour for the research attorney to be unreasonable. Over half of Plaintiff's requested attorneys' fees, amounting to $3,000, were billed by this unnamed research attorney. Riley's declaration includes a brief description of the research attorney's qualifications, stating that he has been practicing law for twenty-five years. (Doc. 20-2 at 2). Setting aside the insufficiency of this description, just as he does with his own rates Riley bases the research attorney's fee on those customarily charged for "specialized litigation." (Doc. 20-2 at 2). But this case did not involve any complexity or require any specialized knowledge. A default judgment was secured, which required primarily "procedural knowledge of the most basic nature." *G&G Closed Circuit Events v. Armando Ortiz*, No. 19-CV-00452-TUC-DCB (D. Ariz. May 27, 2020) (reducing attorney Riley's rate after securing default judgment in similar case representing the same Plaintiff). It should also be noted that in this Court alone, and just within the last two years, attorney Riley has filed for default judgment in this type of case—for this very same Plaintiff—thirteen times.[3] "[W]here the instant action is routine or substantially similar to prior actions brought by the same attorney, a court may find requests for attorney's fees excessive." *Joe Hand Promotions, Inc. v. Be*, No. 11-CV-01333-LHK, 2011 WL 5105375, at *6 (N.D. Cal. Oct. 26, 2011) (finding Riley's requested $2,640 in attorneys' fees excessive for filing

---

[3] *See* 2:18-CV-02833-RM; 2:18-CV-02836-JJT; 2:18-CV-02855-DJH; 2:18-CV-02856-SMM; 2:18-CV-02861-SPL; 2:18-CV-02885-JGZ; 2:18-CV-02887-GMS; 2:19-CV-05134-SPL; 2:19-CV-05142-DWL; 3:18-CV-08216-JAT; 4:14-CV-02026-DCB; 4:18-CV-00297-CKJ; 4:19-CV-00452-DCB.

boilerplate default judgment in § 605 action).[4] The Court will therefore reduce the research attorney's hourly rate to $100 per hour.

Finally, this Court also finds that the $110 administrative assistant hourly rate is unreasonable. The only information supporting the administrative assistant's fee is that she has been working with commercial signal piracy claims in attorney Riley's office for five years and that his office bills $110 per hour for her work. Attorney Riley provides no evidence whatsoever identifying an administrative assistant's reasonable rate in this District. The Court will therefore reduce the administrative assistant's fee to $65 per hour, the CJA approved rate.[5]

   *ii. Time*

There are various issues with attorney Riley's timekeeping practices. First, Riley indicates that "[b]illable hours for services rendered are reconstructed by way of a thorough review of the files themselves." (Doc. 20-2 at 5). This Court is continuously perturbed by Riley's failure to practice contemporaneous timekeeping. *See, e.g.*, *Patel*, 2018 WL 1609731, at \*5 (admonishing Riley for using the same "reconstructed" timekeeping); *Joe Hand Promotions, Inc. v. Albright*, No. CIV. 2:11–2260 WBS CMK, 2013 WL 4094403, at \*4 (E.D. Cal. Aug. 13, 2013) (finding Riley's reconstructed timekeeping "inherently less reliable"); *G & G Closed Circuit Events, LLC v. Ho*, No. 11-CV-03096-PHK, 2012 WL 3043018, at \*2 (N.D. Cal. July 25, 2012) (same).

Riley's unreliable timekeeping practices result in excessive fees. Most troubling are the multiple duplicative entries done by both Riley and the administrative assistant without

---

[4] *See also Espinoza*, 2020 WL 1703630, at \*4 ("Mr. Riley's research attorney also poses a problem because (as is his usual practice) Mr. Riley has provided only scant information about this unidentified attorney. . . . The Court will reduce this attorney's rate.").

[5] *See Notice Regarding CJA Service Provider Rates*, available at http://www.azd.uscourts.gov/sites/default/files/cja/CJA%20Service%20Provider%20Rates.pdf (last visited Sept. 9, 2020) (applying rate for "Paralegal – Basic"); *see also Patel*, 2018 WL 1609731, at \*5 (reducing Riley's administrative assistant's hourly rate from $110 to $55 an hour based on the same lack of evidence); *G & G Closed Circuit Events v. Taco Mich & Bar 2*, 18-CV-02843-SMB, Doc. 53 at 4 (same).

explanation.[6] While fees for work performed by non-attorneys may be included in an award of attorneys' fees, if an "attorney's hourly rate already incorporates the cost of work performed by non-attorneys," then such work is not compensable. *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006). The unjustified duplication of Riley's efforts results in unreasonably high charges for the review of documents, many of which are notably mere pages in length. The Court is unpersuaded by Riley's attempt to transform these clerical tasks into separate billable entries by removing the clause "and Filing" from their descriptions. There are twenty-six tasks that were billed to both Riley and the administrative assistant, in each of which Riley only adds the clause "and Filing" to the description of the task done by the administrative assistant. These entries are, in all other respects, the exact same. This Court refuses to approbate Riley's practice of selectively (and retroactively) adding words in his timekeeping descriptions as a half-hearted attempt to reach the same result he continues to strive for: collecting excessive fees for minimal work. Accordingly, any tasks billed to the administrative assistant which are also billed to Riley, and which differ only by the addition of the words "and Filing," will be stricken.

### b. Costs

Finally, Plaintiff requests $1,310.00 in non-taxable investigative fees. (Doc. 20 at 3). Plaintiff only makes general arguments that this Court has awarded investigative costs in

---

[6] As is becoming a theme, Riley has been admonished for this practice before. *See, e.g.*, *Patel*, 2018 WL 1609731, at *6 ("Mr. Riley has not shown any reason why the above document-review tasks needed to be performed *both* by an administrative assistant *and* by an experienced attorney. . . . accordingly, the Court will allow only Mr. Riley's charges for those tasks."); *Albright*, 2013 WL 4094403, at *3 ("Because [Riley] has not . . . attempted to distinguish the tasks for which fees are requested here from the ordinary administrative tasks typically subsumed within the overhead expenses of a law firm, the court will exclude any hours attributed to the administrative assistant."); *J & J Sports Prods., Inc. v. Barajas*, No. 115-CV-01354-DAD-JLT, 2017 WL 469343, at *4 (E.D. Cal. Feb. 2, 2017) (finding that "courts have expressed concern that [Riley] and the administrative assistants working with him completed several duplicative tasks and recommended that fees not be awarded for such time attributed to such tasks" and striking duplicative entries).

the past. (Doc. 20-1 at 4-6). This Court does not dispute that it *can* award investigative costs when reasonable in amount and well-supported by documentation. But Plaintiff only includes two non-itemized invoices and, in Riley's affidavit, a statement that the investigative fee is reasonable. (Doc. 20-2 at 5). Neither of these documents contain hourly rates, time spent on the investigation, or qualifications of the investigator. Therefore, Plaintiff has not met its burden of showing the requested costs are reasonable.[7] The Court will not award investigative costs.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 23) is **granted in part as modified** and **denied in part** as follows:

1. Plaintiff is awarded $1,781.45 in reasonable attorneys' fees under 47 U.S.C. § 553(c)(2)(C); and

2. Plaintiff's request for investigative costs is **denied**.

**IT IS FURTHER ORDERED** that this matter shall remain closed.

Dated this 14th day of September, 2020.

Honorable Steven P. Logan
United States District Judge

---

[7] *See also Espinoza*, 2020 WL 1703630, at *4 ("[Riley] offers no explanation of the investigator's qualifications, which provides an independent reason to deny these costs."); *Barajas*, 2017 WL 469343, at *5 ("Because they are insufficiently documented, the court declines to award the requested investigative costs."); *Albright*, 2013 WL 4094403, at *6 (denying Riley's investigative costs "because they are insufficiently documented").